IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE REFUGIO FERNANDEZ-MADRID | § | |
| | § | |
| V. | § | A-16-CA-1185-SS |
| | § | |
| KEEFE COMMISSARY and | § | |
| WILLIAMSON COUNTY SHERIFF | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Plaintiff's complaint (Document No. 1); Plaintiff's more definite statement; (Document No. 6); and the Motion to Dismiss filed by the Williamson County Sheriff (Document No. 12). Plaintiff did not file a response thereto. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

Plaintiff alleges Keefe Commissary and the Williamson County Sheriff are responsible for taking $3,500 from his inmate jail account without his consent. Plaintiff explains he was pulled over by the Williamson County police on October 7, 2014, for following too close. According to

1

Plaintiff, he was ordered to follow the police to a body shop where his truck was torn apart without a warrant. Plaintiff admits drugs were found and he was subsequently booked into the Williamson County Jail. At the time of his arrest, Plaintiff asserts he had $3,800 in his pants pocket. The money was deposited into his inmate jail account, and Plaintiff used it to purchase commissary items until someone took the remaining balance. Plaintiff sues Keefe Commissary and the Williamson County Sheriff for $50,000 in damages.

After consideration of Plaintiff's complaint, he was ordered to file a more definite statement. When asked whether the currency seized during the arrest was forfeited as a result of his criminal conviction out of Williamson County, Plaintiff responded:

> No, the currency was never seized or legally seized nor forfeited as a result of my conviction. The currency was removed from my commissary account a whole year before my conviction and was never mentioned during my trial.

Plaintiff states he received no notice before the money was removed from his account.

After reviewing Plaintiff's complaint and more definite statement, the Court ordered service upon the Williamson County Sheriff. The Sheriff moves to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.

The Sheriff explains the money in question was seized as contraband subject to forfeiture pursuant to Chapter 59, Texas Code of Criminal Procedure by and through a contraband forfeiture proceeding initiated by the State of Texas through the District Attorney of Williamson County, Texas. The Sheriff attached to his Motion to Dismiss court documents showing the forfeiture of the money. The Sheriff moves to dismiss the case, because the right to ownership of the seized money has been previously adjudicated and he was not personally involved in the seizure or forfeiture.

DISCUSSION AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161 (1993); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996).

An in forma pauperis proceeding may also be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986). When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff's complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted. Contrary to Plaintiff's statement made under the penalty of perjury, the money in question indeed was subject to a judicial forfeiture. Accordingly, Plaintiff has not shown how the Williamson County Sheriff or Keefe Commissary violated his constitutional rights.

## RECOMMENDATION

It is therefore recommended that the Motion to Dismiss, filed by the Williamson County Sheriff, be granted and Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e) and Rule 12(b)(6).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on February 17, 2017.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE